## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD SMITH, Individually and On Behalf of All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) | Case No. _____ |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| EQM MIDSTREAM PARTNERS, LP, THOMAS F. KARAM, MICHAEL A. BRYSON, KENNETH M. BURKE, DIANA M. CHARLETTA, ROBERT J. COOPER, KIRK R. OLIVER, LARA E. WASHINGTON, EQUITRANS MIDSTREAM CORPORATION, EQM LP CORPORATION, LS MERGER SUB, LLC, and EQGP SERVICES, LLC, ) ) ) ) ) ) ) ) ) ) | CLASS ACTION |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1.  On February 26, 2020, the Board of Directors (the "Board" or "Individual Defendants") of EQM Midstream Partners, LP's ("EQM" or the "Partnership") general partner, EQGP Services, LLC (the "General Partner"), caused the Partnership to enter into an agreement and plan of merger (the "Merger Agreement") with Equitrans Midstream Corporation ("Equitrans"), EQM LP Corporation ("EQM LP"), LS Merger Sub, LLC ("Merger Sub"), and the General Partner.

2. Pursuant to the terms of the Merger Agreement: (i) Merger Sub will merge with and into EQM, with EQM surviving as a wholly-owned subsidiary of Equitrans; and (ii) each outstanding unit of EQM that is not owned by Equitrans and its subsidiaries will be converted into 2.44 shares of Equitrans common stock (the "Proposed Transaction").

3. On March 30, 2020, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the

owner of EQM common units.

9. Defendant EQM is a Delaware limited partnership and maintains its principal executive offices at 2200 Energy Drive, Canonsburg, Pennsylvania 15317. EQM's common units are traded on the New York Stock Exchange under the ticker symbol "EQM."

10. Defendant Thomas F. Karam ("Karam") is Chief Executive Officer ("CEO") and Chairman of the Board of the General Partner. Karam also serves as CEO and Chairman of the Board of Equitrans.

11. Defendant Michael A. Bryson is a director of the General Partner.

12. Defendant Kenneth M. Burke ("Burke") is a director of the General Partner. Burke also serves as a director of Equitrans.

13. Defendant Diana M. Charletta ("Charletta") is President, Chief Operating Officer ("COO"), and a director of the General Partner. Charletta also serves as the President and COO of Equitrans.

14. Defendant Robert J. Cooper is a director of the General Partner.

15. Defendant Kirk R. Oliver ("Oliver") is Senior Vice President, Chief Financial Officer ("CFO"), and a director of the General Partner. Oliver also serves as Senior Vice President and CFO of Equitrans.

16. Defendant Lara E. Washington is a director of the General Partner.

17. The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

18. Defendant Equitrans is a Pennsylvania corporation and a party to the Merger Agreement.

19. Defendant EQM LP is a Delaware corporation, a wholly-owned subsidiary of Equitrans, and a party to the Merger Agreement.

20. Defendant Merger Sub is a Delaware limited liability company, a wholly-owned subsidiary of EQM LP, and a party to the Merger Agreement.

21. Defendant General Partner is a Delaware limited liability company, the general partner of EQM, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action as a class action on behalf of himself and the other public unitholders of EQM (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

23. This action is properly maintainable as a class action.

24. The Class is so numerous that joinder of all members is impracticable. As of February 25, 2020, there were approximately 200,457,630 EQM common units outstanding, held by hundreds, if not thousands, of individuals and scattered throughout the country.

25. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

26. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

27. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

28. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Partnership and the Proposed Transaction*

29. EQM is a growth-oriented limited partnership that was formed to own, operate, acquire, and develop midstream assets in the Appalachian Basin.

30. As one of the largest gatherers of natural gas in the United States, the Partnership provides midstream services to producers, utilities, and other customers through its strategically located natural gas transmission, storage, and gathering systems, and water services to support energy development and production in the Marcellus and Utica regions.

31. EQM owns approximately 950 miles of FERC-regulated interstate pipelines and also owns and/or operates approximately 1,900 miles of high- and low-pressure gathering lines.

32. On February 26, 2020, the Board caused the Partnership to enter into the Merger Agreement.

33. Pursuant to the terms of the Merger Agreement: (i) Merger Sub will merge with and into EQM, with EQM surviving as a wholly-owned subsidiary of Equitrans; and (ii) each outstanding unit of EQM that is not owned by Equitrans and its subsidiaries will be converted into

2.44 shares of Equitrans common stock.

34. As of January 31, 2020, Equitrans owned 117,245,455 EQM common units and 7,000,000 EQM Class B units, representing an approximate 53.5% limited partner interest in EQM. Equitrans also owns the entire non-economic general partner interest in EQM through its indirect ownership of the General Partner.

35. According to the press release announcing the Proposed Transaction:

Equitrans Midstream Corporation (NYSE: ETRN) and EQM Midstream Partners, LP (NYSE: EQM), today, announced the following actions and information. . . .

ETRN Proposed Acquisition of EQM

ETRN and EQM have agreed to a share-for-unit exchange via merger (Merger) in which each outstanding public common unit of EQM would be exchanged for 2.44 shares of ETRN common stock. The exchange ratio represents a 3% premium based on the volume weighted average price for EQM and ETRN over the 20 days ending February 26, 2020. The Merger is expected to close mid-year 2020, subject to customary closing conditions and the approval of ETRN shareholders and EQM unitholders.

After giving effect to the Merger and the purchase of 25.3 million ETRN common shares from EQT, there will be approximately 430 million ETRN common shares outstanding. Pro forma for the transactions, the remaining 25.3 million ETRN common shares owned by EQT will represent approximately 6% of total ETRN common shares outstanding.

Other highlights of the Merger include:

- EQM will become a wholly owned subsidiary of ETRN upon the closing of the Merger
- ETRN projects near zero cash taxes through at least 2023 and minimal cash taxes through at least 2026
- The simplified C-Corp structure is expected to generate a broader investor base and the increased float is expected to improve trading liquidity
- Single C-Corp public security provides enhanced corporate governance
- Increased opportunity for additional index inclusions

The terms of the Merger were negotiated, reviewed, and approved by the Conflicts Committee of the Board of Directors of the general partner of EQM and approved by the Board of Directors of the general partner of EQM and the Board of Directors of ETRN. The EQM Conflicts Committee is composed of independent members of

6

the Board of Directors of EQM's general partner. The Merger is subject to approval by ETRN shareholders and EQM unitholders.

Citi and Guggenheim Securities, LLC acted as financial advisors and Latham & Watkins LLP acted as legal advisor to ETRN. Evercore acted as financial advisor and Richards, Layton & Finger, P.A. acted as legal advisor to the Conflicts Committee of EQM.

36. The General Partner's officers and directors are conflicted. For example: (i) Individual Defendant Karam is CEO and Chairman of both the General Partner and Equitrans; (ii) Individual Defendant Oliver is Senior Vice President and CFO of both the General Partner and Equitrans, and a director of the General Partner; (iii) Individual Defendant Charletta is President and COO of both the General Partner and Equitrans, and a director of the General Partner; (iv) Individual Defendant Burke is a director of both the General Partner and Equitrans; and (v) Brian P. Pietrandrea is Vice President and Chief Accounting Officer of both the General Partner and Equitrans.

*The Registration Statement Omits Material Information*

37. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

38. As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

39. First, the Registration Statement omits material information regarding the Partnership's, Equitrans', and the combined company's financial projections.

40. With respect to the Partnership's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate (a) Adjusted EBITDA, (b) Distributable Cash Flow, and (c) Distributable Cash Flow Per Share; and (ii) a reconciliation of all non-GAAP to

7

GAAP metrics.

41. With respect to Equitrans' financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate (a) Adjusted EBITDA, (b) Distributable Cash Flow, and (c) Distributable Cash Flow Per Share; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

42. With respect to the combined company's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate (a) Adjusted EBITDA, (b) Distributable Cash Flow, and (c) Distributable Cash Flow Per Share; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

43. The disclosure of projected financial information is material because it provides unitholders with a basis to project the future financial performance of a company, and allows unitholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

44. Second, the Registration Statement omits material information regarding the analyses performed by the Partnership's financial advisor in connection with the Proposed Transaction, Evercore Group L.L.C. ("Evercore").

45. With respect to Evercore's Peer Group Trading Analyses for EQM and Equitrans, the Registration Statement fails to disclose: (i) the individual multiples and metrics for the companies observed by Evercore in the analyses; (ii) projected net debt; (iii) preferred equity and minority interest; (iv) projected EQM common units outstanding and EQM Class B units as-converted; and (v) projected Equitrans common stock outstanding.

46. With respect to Evercore's Precedent Merger and Acquisition Transactions Analyses for EQM and Equitrans, the Registration Statement fails to disclose: (i) the individual

8

multiples and metrics for the transactions observed by Evercore in the analyses; (ii) projected net debt; (iii) preferred equity and minority interest; (iv) projected EQM common units outstanding and EQM Class B units as-converted; and (v) projected Equitrans common stock outstanding.

47. With respect to Evercore's Discounted Distribution Analysis for EQM, the Registration Statement fails to disclose: (i) the terminal values used by Evercore in the analysis; and (ii) the individual inputs and assumptions underlying the range of terminal yields of 9.0% to 12.0% and the discount rates of 8.75% to 9.75% and 10.0% to 15.0%.

48. With respect to Evercore's Discounted Distribution Analysis for Equitrans, the Registration Statement fails to disclose: (i) the terminal values used by Evercore in the analysis; and (ii) the individual inputs and assumptions underlying the range of terminal yields of 7.5% to 10.5% and the discount rates of 8.0% to 9.0% and 10.0% to 15.0%.

49. When a banker's endorsement of the fairness of a transaction is touted to unitholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

50. The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Merger; (ii) Unaudited Projected Financial Information; and (iii) Opinion of the Financial Advisor to the EQM Conflicts Committee.

51. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Partnership's unitholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and EQM**

52. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

53. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. EQM is liable as the issuer of these statements.

54. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Partnership, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

55. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

56. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable unitholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to unitholders.

57. The Registration Statement is an essential link in causing plaintiff and the Partnership's unitholders to approve the Proposed Transaction.

58. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

59. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Equitrans

60. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

61. The Individual Defendants and Equitrans acted as controlling persons of EQM within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of EQM and participation in and/or awareness of the Partnership's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Partnership, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

62. Each of the Individual Defendants and Equitrans was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

63. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Partnership, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

64. Equitrans also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

65. By virtue of the foregoing, the Individual Defendants and Equitrans violated Section 20(a) of the 1934 Act.

66. As set forth above, the Individual Defendants and Equitrans had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: April 2, 2020 **RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Brian D. Long (#4347)
**OF COUNSEL:** Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
**RM LAW, P.C.** Wilmington, DE 19801
Richard A. Maniskas Telephone: (302) 295-5310
1055 Westlakes Drive, Suite 300 Facsimile: (302) 654-7530
Berwyn, PA 19312 Email: bdl@rl-legal.com
Telephone: (484) 324-6800 Email: gms@rl-legal.com
Facsimile: (484) 631-1305
Email: rm@maniskas.com *Attorneys for Plaintiff*